United States Courts
Southern District of Texas
ENTERED

MAR 2 4 2005

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARGARET EDWARD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-0363 |
| § | |
| JO ANNE B BARNHART, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

I. INTRODUCTION

Plaintiff seeks review of a decision issued by an administrative law judge ("ALJ") denying Plaintiff's application for Supplemental Security Income payments to her minor daughter ("Claimant"). Although the ALJ stated that, "[T]his case presents an issue of first impression for the undersigned, *re*: whether the willful noncompliance of a 14 year-old with prescribed medical treatment can be excused," review of the ALJ's decision was denied by the Appeals Council. Both Plaintiff and Defendant have filed motions for summary judgment.

Because of errors and omissions — relating to both form and substance — the Court is unable to conclude that substantial evidence supports the ALJ's decision, or that the decision is consistent with relevant legal standards. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Accordingly, the case must be **REMANDED**.

II. THE EVIDENCE

Much of the salient evidence is uncontested. The parties agree that Claimant was hospitalized in February of 1997 with new onset insulin dependent diabetes mellitus and diabetic ketoacidosis.

She was placed on a regimen of daily self-administration of insulin and blood sugar counts. In addition, Claimant's diet was later restricted. Since her first hospitalization, Claimant has been hospitalized — as of the ALJ's decision in November of 2002 — at least five times. The parties further agree that, despite support from her parents and teachers, and instructions from medical personnel, Claimant has not been consistently compliant with the medically prescribed program of insulin administration, blood sugar counts, and diet restrictions.

No less significantly, the parties seem to agree that Claimant would not qualify for disability payments, on the basis of her diabetic condition, if she were compliant with her prescribed treatment program. The issue that has not yet been addressed, much less resolved (despite the lengthy history of this proceeding), is whether Claimant's real disability is her unwillingness or inability to comply with the prescribed program for the treatment of her diabetic condition. If Claimant is suffering from a condition that renders her unwilling or unable to comply with a prescribed treatment program that is necessary for her well-being, then Claimant may suffer from a disability much more severe than her diabetic condition.

III. THE ANALYSIS TO BE APPLIED

A three-step sequential analysis is used in determining whether a minor is eligible for Supplemental Security Income payments on the basis of disability. First, the minor cannot be involved in substantial gainful activity. Secondly, if the first prong of the test is met, the ALJ must consider whether the minor's impairment(s) is "severe." If so, the ALJ is to determine whether the minor satisfies the third prong of the analysis, which is whether the minor's impairment(s) meets, medically equals, or functionally equals a listed impairment set out in Appendix I of 20 C.F.R. Part 404, Subpart P. If the impairment(s) does satisfy this final prong, and if the impairment has

lasted or is expected to last at least twelve consecutive months, disability is established and social security benefits are due.

In this case, the ALJ found that Claimant had not engaged in substantial gainful activity and that her impairments were severe. At step three of the sequential analysis, however, the ALJ found that Claimant was not disabled. Specifically, the ALJ found that Claimant's limitations did not meet a listed impairment, nor did her impairment or combination of impairments medically equal in severity the criteria for a listed impairment. The ALJ then considered whether Claimant had an impairment that was functionally equivalent in severity to a listed impairment. In determining whether an impairment functionally equals a listed impairment, the ALJ is required to assess a minor's limitations in six broad areas of functioning called "domains." If the minor has "marked" limitations in at least two of the domains, or "extreme" limitations in one domain, then the minor's impairment(s) functionally equals the listed impairment and the minor is eligible for benefits.

The distinction that the regulations seek to draw between "marked" and "extreme" limitations is an unsatisfactory one. A minor is said to have "marked" limitations in a domain when impairment(s) interfere seriously with her ability to independently initiate, sustain, or complete activities. A minor is said to have "extreme" limitations when impairment(s) interfere very seriously with her ability to independently initiate, sustain, or complete activities. Even less helpfully, a "marked" limitation is said to be "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e).

The six domains are as follows:

(1) **Acquiring and using information**; i.e., how well the Claimant acquires or learns information, and how well she uses the information she has learned (§ 416.926a(g)).

(2) **Attending and completing tasks**; i.e., how well the Claimant is able to focus and maintain her attention, and how well she begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them (§ 416.926a(h)).

(3) **Interacting and relating with others**; i.e., how well the Claimant initiates and sustains emotional connections with others, develops and uses the language of her community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others (§ 416.926(i)).

(4) **Moving about and manipulating objects**; i.e., how the Claimant moves her body from one place to another and how she moves and manipulates things. These are called gross and fine motor skills (§ 416.926a(j)).

(5) **Caring for yourself**; i.e., how well the Claimant maintains a healthy emotional and physical state, including how well she gets her physical and emotional wants and needs met in appropriate ways; how she copes with with stress and changes in her environment; and whether she takes care of her own health, possessions, and living area (§ 416.926a(k)).

(6) **Health and physical well-being**; i.e., the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on the Claimant's functioning that we did not consider in *Moving about and manipulating objects*. When the Claimant's physical impairment(s), her mental impairment(s), or her combination of physical and mental impairments has physical effects that cause "extreme" limitation in her functioning, she will generally have an impairment(s) that "meets" or "medically equals" a listing (§ 416.926a(l)).

In this case, the ALJ quite properly set forth the six domains, and then proceeded to assess the degree of limitations that Claimant suffered in each domain. Unfortunately, the ALJ committed two errors that were – at the very least – typographical, but may have been analytic, and that, in any event, make it impossible to affirm the ALJ's decision. First, the ALJ found that, "The Claimant has less than [sic] limitation in the domains of 'caring for yourself,' 'moving about and

manipulating objects,' and 'interacting and relating to others.'" This Court cannot determine whether the ALJ meant to say less than "extreme" limitation or less than "marked" limitation, or something else altogether. This error is compounded by the ALJ's further statement, two paragraphs later, that, "Therefore, because the undersigned has found the Claimant a marked limitation in only one domain, she does not have an impairment of functional equivalence to a listed impairment." Nowhere in the ALJ's opinion, however, does the ALJ identify the one domain in which he professes to have found Claimant to have a marked limitation.

The case must be remanded to the ALJ to address these errors which, although likely inadvertent, go to the heart of the analysis that he was compelled to perform. On remand, the ALJ should take care to set forth in detail his reasoning as to Claimant's limitations in the first, fifth and sixth domain listed above.

### IV. THE NEED TO DEVELOP THE RECORD AS TO CLAIMANT'S REASONS FOR NOT FOLLOWING THE PRESCRIBED TREATMENT

There exists a separate and independent reason for remand. Applicable regulations require that, "The claimant or beneficiary should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment. Detailed questioning may be needed to identify and clarify the essential factors of refusal." SSR 82-59.

Although Claimant may have been given such an opportunity, and detailed questioning may have ensued, the Court is unable confidently thus to conclude.

Accordingly, on remand, the ALJ shall ensure that the Claimant has the opportunity to set forth her reasons for non-compliance, and the ALJ shall propound questions as necessary fully to develop the record.

V. CONCLUSION

For all of the foregoing reasons, this matter is **REMANDED** to the Commissioner for further proceedings not inconsistent with this Memorandum and Order.

The motions for summary judgment and all other pending motions are **DENIED AS MOOT**.

IT IS SO ORDERED.

SIGNED this 23rd day of March, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.